UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  20-20168-CR-ALTONAGA

UNITED STATES OF AMERICA

vs.

JIMMY GEOVANNY SANCHEZ LOOR,

   Defendant.

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO REDUCE TERM OF IMPRISONMENT
UNDER 18 U.S.C. § 3582(c)(2)**

COMES NOW the United States, by and through the undersigned Assistant United States Attorney, and files this response in opposition to the defendant's *pro se* Motion to Reduce Term of Imprisonment Under 18 U.S.C. § 3582(c)(2), (DE 49).   The United States opposes the defendant's motion for sentence reduction, which should be denied because the defendant is not eligible for relief.

**COURSE OF PROCEEDINGS IN THE CRIMINAL CASE**

The defendant was charged by way of a two-count information with maritime drug trafficking offenses.   After an initial plea of not guilty, the defendant entered a guilty plea to Count One of the information, which charged the defendant with violating Title 46, United States Code, Section 70506(b) (conspiracy to possess with intent to distribute five or more kilograms of cocaine on board a vessel subject to the jurisdiction of the United States).   A Presentence Investigation Report was prepared.   The defendant's base offense level was 38, based on a quantity of more than 450 kilograms of cocaine.   After reductions for acceptance of responsibility (-3 levels) and safety

1

valve (-2 levels), the total offense level was 33. The defendant did not receive any adjustment for his role in the offense. The defendant had zero criminal history points. The applicable sentencing guidelines range was 135-168 months imprisonment.

At sentencing, the Court granted the defendant's motion for a downward variance and imposed a sentence of 84 months imprisonment.

The defendant is presently incarcerated at FCI Miami with an expected release date of April 27, 2025.

### Offense Conduct

On March 4, 2020, the defendants were aboard a boat intercepted on the high seas carrying hundreds of kilograms of cocaine. The defendants were seen by United States Coast Guardsmen jettisoning packages from their boat. The Coast Guard boarding team gained control of the defendants' boat and were able to recover the jettisoned packages consisting of 632 kilograms of cocaine.

### LEGAL STANDARD

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *Id*. at 826–27.

2

The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowers the defendant's applicable sentencing guidelines range *and* relief is consistent with applicable policy statements. *Id*. The applicable policy statement here bars a court from granting relief below the bottom of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors[1], *id*. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

Under the § 1B1.10(a)(1) policy statement: "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable . . . has subsequently been lowered as a result of an amendment . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Notably, "if a defendant receives a sentence modification under § 3582(c)(2), subsequent reduction based on the same amendment to the Guidelines is not available—the modified sentence is no longer based on the outdated Guidelines range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017). Courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

---

[1] The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's 18 U.S.C. § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

Last, it should be noted that although the amendment went into effect on November 1, 2023, the Sentencing Commission has determined that any order reducing a defendant's sentence cannot have an effective date prior to February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2) (effective November 1, 2023).[2] "A reduction based on the retroactive application of Part A or Part B, Subpart 1 of Amendment 821 that does not comply with the requirement that the order take effect no earlier than February 1, 2024, is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10, cmt. n. 7 (effective November 1, 2023).

## LEGAL ANALYSIS

### Eligibility

The defendant here seeks relief based on the zero-point offenders amendment. This provision "provide[s for] a decrease of two levels from the offense level . . . for defendants who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Application to Amendment 821 (Parts A and B, Subpart 1 Only), Amendment to the Sentencing Guidelines.[3]  Specifically, a defendant must meet all the following criteria to be eligible for relief:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

---

[2]   If a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under the new amendment.

[3] https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

4

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10)    the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

The defendant in this case is not eligible for relief under the new "zero-point offender" amendment (Amendment 821) because the Court already sentenced below the new guideline range. The defendant's original total offense level was 33 with a criminal history category of I for a sentencing guideline range of 135 to 168 months imprisonment.  The defendant is correct that Amendment 821 reduced his guideline range; with an offense level 31 and a criminal history category of I, the new guideline range is 108-135 months imprisonment.  But the Court may not reduce the defendant's sentence because it originally sentenced the defendant to 84 months imprisonment, which is below the new guideline range. Courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *Dillon v. United States*, 560 U.S. 817, 826 (2010) ("The court is also constrained by the Commission's statements dictating 'by what amount' the sentence of a prisoner serving a term of imprisonment affected by the amendment 'may be reduced.'"); 28 U.S.C. § 994(u).

Here, the court varied downward from the applicable guideline range when sentencing the defendant.  However, § 3582(c)(2) and the governing Guidelines provision, U.S.S.G. § 1B1.10, do not allow a court to impose the same variance granted at a defendant's original sentencing in a sentence reduction proceeding. "Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A).  There is one narrow exception to this general rule, which does not apply to these circumstances. Under subdivision (B), "[i]f the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing *pursuant to a government motion to reflect the defendant's substantial assistance* to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B) (emphasis added). This "comparably less" carveout, however, applies only to defendants who cooperated with the government and received a sentence reduction either under U.S.S.G. § 5K1.1 or Rule 35(b).  Both of those sections require the government to move for a defendant to receive a lower sentence to recognize his cooperation. *See* Fed. R. Crim. P. 35(b) ("Upon the government's motion made within one year of sentencing . . . ."; U.S.S.G. § 5K1.1 ("Upon motion of the government . . .").

The Commission specifically amended U.S.S.G. § 1B1.10 (in 2011, in Amendment 759) to allow reductions below the amended guideline range solely for defendants who received government substantial assistance motions, without factoring in any other departures or variances granted at the original sentencing. As the provision's commentary explains, "the applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history

category determined pursuant to 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. 1B1.10 comment. (n.1(A)).   As the Eleventh Circuit has recognized, "[e]xpressly included within this limited exception are only government substantial assistance motions under U.S.S.G. § 5K1.1, 18 U.S.C. § 3553(e), and Rule 35(b) of the Federal Rules of Criminal Procedure." *United States v. Marroquin-Medina*, 817 F.3d 1285, 1290 (11th Cir. 2016). "Downward variances are not included in this limited exception." *Id.*

"Before Amendment 759, a district court had discretion to lower a defendant's sentence below the amended guidelines range subject to some restrictions. . . . Thereafter, Amendment 759 further restricted a district court's discretion to make that kind of reduction" to cases of government motions for substantial assistance. *Colon*, 707 F.3d at 1258. When the defendant in *Colon* challenged these new limitations, arguing that they deprived defendants of the benefit of the departures or variances previously awarded at the original sentencing, the *Colon* Court held that these limits were permissible: "Nowhere did Congress require that the Commission permit judges to fashion a reduction with exactly the same tools—departures and variances—they originally used to set an appropriate sentence." *Id.* at 1260 (internal quotation marks omitted).

Courts around the country have spoken in unison, holding that a court reviewing a § 3582(c)(2) motion cannot incorporate a prior variance or departure into the amended guideline range. *See United States v. Leatch*, 858 F.3d 974, 978 (5th Cir. 2017) ("the unanimous view of the circuits that have decided the question since . . . 2011" is that "the applicable guideline range is the guideline range that corresponds to the offense level and criminal history category determined pursuant to section 1B1.1(a), which is determined before consideration of any departure provision

7

in the Guidelines Manual or any variance" (internal quotation marks omitted)). *Leatch* cites precedents from five other circuits to the same effect. *See id.*

In this case, there was no cooperation, no substantial assistance, and no "government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). Thus, Sanchez Loor is ineligible for a sentence reduction below the sentence he currently is serving.

Accordingly, despite the defendant's retroactively reduced guideline range, the Court should deny the defendant's request for a sentence reduction.

### The 18 U.S.C. § 3553(a) Factors

Even if the defendant is eligible for relief, a reduction is not warranted under the § 3553(a) factors. The sentence imposed by the court is appropriate considering the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence. The amount of cocaine involved in the offense was substantial, 632 kilograms. The circumstances of the offense demonstrate a high level of criminal intent, planning and determination: the transport of hundreds of kilograms of cocaine across hundreds of miles of open sea in a small open boat with outboard engines. The current sentence is appropriate under the circumstances and necessary to deter other maritime smugglers from undertaking a maritime smuggling endeavor. Accordingly, a sentence reduction is not warranted.

### CONCLUSION

Wherefore the United States respectfully requests that the Court deny the defendant's motion for sentence reduction.

Respectfully submitted,

8

MARKENZY LAPOINTE
UNITED STATES ATTORNEY


By:    <u>S/ Marc Chattah</u>
       Marc Chattah
       Assistant United States Attorney
       99 NE 4th Street
       Miami, FL 33132
       (305) 961-9087
       Marc.Chattah@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of this response will be mailed to Jimmy Geovanny Sanchez Loor, Register Number 26317-104, Miami.

9